IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLEMAN CONSULTING LLC                                                    PLAINTIFF

v.                                   Case No. 4:18-cv-4123

DOMTAR CORPORATION and
DOMTAR A.W. LLC                                                           DEFENDANTS

## ORDER

Before the Court is the Motion for Judgment on the Pleadings filed by Defendants. ECF No. 15. Plaintiff Coleman Consulting has filed a response. ECF No. Defendants have filed a reply. ECF No. The motion is ripe for the Court's consideration.

### I. BACKGROUND

This case is before the Court based on diversity jurisdiction. Coleman Consulting alleges that on or about November 11, 2016, it entered into a written consulting agreement with Domtar, which owns and operates a paper mill in Ashdown, Arkansas.[1] Pursuant to the terms of the written agreement, Coleman Consulting agreed to provide consulting services for Domtar's Ashdown Mill to address certain issues related to its production capabilities. In exchange for these services, Domtar agreed to the following terms:

> Coleman Consulting will be compensated to include expenses and hourly rate ($250.00/hr) along with (Retainer fee, based on a percentage of NPS (net profit savings). Such fee will be verified and agreed upon based on Customer Savings, and increased production.

ECF No. 1-1. Coleman Consulting alleges after the execution of the written agreement, the parties agreed that Coleman Consulting's retainer fee would be thirty percent of any actual savings or

---

[1] Coleman Consulting refers to "Domtar" throughout its complaint and does not distinguish between the two entities that are Defendants in this case: Domtar Corporation and Domtar A.W. LLC. For the sake of consistency, the Court will refer to both Defendants as "Domtar."

increased profit realized by Domtar's Ashdown Mill. Coleman Consulting alleges that it provided certain consulting services to Domtar, but Domtar has refused to pay the retainer fee. Coleman Consulting alleges that an agent or employee of Domtar terminated the written agreement by email on May 22, 2017.

Coleman Consulting alleges that Domtar's failure to pay the retainer fee constitutes a breach of the agreement. Coleman Consulting also brings an unjust enrichment claim against Domtar. Domtar moves for judgment on the pleadings, arguing that the written agreement does not satisfy the basic tenets of Arkansas contract law.

## II. LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion, courts apply the same legal standard used for a motion to dismiss under Rule 12(b)(6). *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). A pleading must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion, a complaint need only state factual allegations sufficient to raise a right to relief above the speculative level that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Courts deciding a Rule 12(c) motion are required to accept as true the complaint's well-pled allegations and must resolve all inferences in the plaintiff's favor. *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). However, this tenet does not apply to legal conclusions, "formulaic recitation of the elements of a cause of action," or naked assertions which are so indeterminate as to require further factual enhancement. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir.

2009). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky*, 433 F.3d at 610.

### III. DISCUSSION

Domtar presents two arguments that it is entitled to judgment as a matter of law on the breach of contract claim: (1) that the written agreement is not an agreement between either Domtar Corporation or Domtar A.W. LLC and Coleman Consulting and (2) that the written agreement is void for indefiniteness. Domtar further argues that it is entitled to judgment as a matter of law on the unjust enrichment claim because it is based on the same indefinite term found in the written agreement.

**A. Parties to the Written Agreement**

Domtar argues that the written agreement[2] is not enforceable against either Domtar Corporation or Domtar A.W. LLC. because neither party is identified in the agreement, it is not signed by an officer or agent of either party, and Domtar Ashdown Mill is not a legal entity with capacity to contract.

The written agreement states that it is between Coleman Consulting and Domtar Ashdown Mill.[3] Someone signed the signature line appearing under the words "Domtar (Ashdown Mill)."[4] The complaint alleges that Coleman Consulting and "Domtar" executed a consulting agreement. ECF No. 1, ¶ 10. The complaint further alleges that the agreement was terminated by an agent or employee of "Domtar." ECF No. 1, ¶ 20. These facts must be accepted as true in the context of the motion at issue. For the Court to resolve the issues of exactly which Domtar entity is referenced in the body of

---

[2] When considering a motion for judgment on the pleadings, the court generally must ignore materials outside the pleadings, but it may consider materials necessarily embraced by the pleadings, such as exhibits attached to the complaint. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Coleman Consulting attached a copy of the written agreement to its compliant. ECF No. 1-1.
[3] The agreement inconsistently refers to the following: "Domtar Ashdown Mill," Domtar Ashdown mill," "Domtar (Ashdown)," and "Domtar (Ashdown Mill)." ECF No. 1-1.
[4] The signature is illegible.

3

the complaint and the written agreement, whether an agent of Domtar signed the written agreement, or whether Domtar Ashdown Mill is an entity with the ability to contract would require the Court to consider evidence outside of the pleadings and the four corners of the agreement, which is not appropriate at this stage in the litigation. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### B. Indefiniteness

Domtar also argues that the "terms of the purported agreement are so vague that the document is not an enforceable contract under Arkansas law." Domtar contends that because the retainer fee is not defined and subject to further verification and agreement by the parties, this term is unenforceable. Coleman Consulting argues that the written agreement was orally modified after its execution to include the amount of the retainer fee. In its complaint, Coleman Consulting alleges that "[f]ollowing the execution of the Consulting Agreement, Domtar and Coleman Consulting agreed that Coleman Consulting's retainer fee would be 30% of any actual savings or increased profit realized by Domtar's Ashdown Mill (the 'Retainer Fee')." ECF No. 1, ¶ 13.

Domtar argues that the written agreement in this case was simply an agreement to engage in future negotiations, and thus, was not a definite contract. Generally, such a contract would be void for indefiniteness. *See Phipps v. Storey*, 269 Ark. 886, 890, 601 S.W.2d 249, 252 (1980); *Troutman Oil Co., Inc. v. Lone*, 75 Ark. App. 346, 352, 57 S.W.3d 240, 244 (2001). However, whether this alleged oral agreement was a modification of the prior written contract or simply an agreement to agree in the future is a question the Court cannot determine at this time, as it would require the Court to consider evidence outside of the pleadings and the four corners of the written agreement. *See Porous*, 186 F.3d at 1079.

### C. Unjust Enrichment

Domtar further argues that it is entitled to judgment as a matter of law on the unjust enrichment

claim because it is based on the indefinite retainer fee provision referenced in the written agreement. "Unjust enrichment is an equitable doctrine." *Pro-Comp Management, Inc. v. R.K. Enterprises, LLC*, 237 S.W.3d 20, 24 (2006). "To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore." *Campbell v. Asbury Automotive, Inc.*, 381 S.W.3d 21, 36 (Ark. 2011). "There must also be some operative act, intent, or situation to make the enrichment unjust and compensable." *Id.* "In short, an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain." *El Paso Production Co. v. Blanchard*, 269 S.W.3d 362, 372 (Ark. 2007).

Coleman Consulting alleges that it provided Domtar consulting services that it was not entitled to, that Domtar benefitted from the consulting services, and that Domtar should be required to pay for the consulting services. ECF No. 1, ¶¶ 38-39. Coleman Consulting further alleges that it would be unjust and inequitable for Domtar to retain the benefit of those services without proper compensation. ECF No. 1, ¶ 40. Based on these allegations, the Court finds that Coleman Consulting has sufficiently pled an unjust enrichment claim that meets the standard of Rule 12(b)(6). Thus, the Court finds that Domtar is not entitled to judgment as a matter of law on this claim.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Domtar's Motion for Judgement on the Pleadings (ECF No. 15) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2020.

    /s/ Susan O. Hickey
    Susan O. Hickey
    Chief United States District Judge