IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLEMAN CONSULTING LLC                                                                PLAINTIFF

vs.                                            Civil No. 4:18-cv-04123

DOMTAR CORPORATION and
DOMTAR A.W. LLC                                                                      DEFENDANTS

## ORDER

Pending now before the Court is Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel. ECF No. 54. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court.

From a review of the briefing of these Motions, it appears the parties' actions in conferring in an effort to resolve these disputes has been by written letters. Local Rule 7.2(g) requires "[a]ll motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders *shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute* and that they are not able to resolve their disagreements without the intervention of the Court." (emphasis added). Local Rule 7.2(g) further provides the following: "If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule." "Confer" in the context of Rule 7.2 generally means to discuss or exchange ideas on a particular subject. "Good faith" means to act honestly in one's dealings. As used in Rule 7.2 "confer in good faith" directs counsel to honestly discuss the issue or issues at hand; not to demand the other side acquiesce in some course of conduct. Here, the proffered "good faith" letter from Plaintiff's counsel to Defendant's Counsel, is nothing more

than a demand that Defendant provide all the objected to discovery.  ECF No. 54-3.  In the opinion of this Court, sending written demands does not amount to an effort to confer in "good faith" and this Motion could be denied on this basis alone.  However, recognizing the discovery deadline is again looming in this case, the Court will allow the Parties an opportunity to comply with Local Rule 7.2.

Therefore, before this Court takes further action on these Motions, <u>the Parties, through counsel, are directed to communicate either in person or by video conference to discuss resolution of the discovery matters at issue</u>.  Following this conference, the Parties will provide a Joint Report to the Court by January 28th, 2022, setting forth any specific remaining disputed discovery requests along with each Parties contentions as it relates to each remaining disputed discovery request.  If any matters remain unresolved, these Motions may be set for a hearing at the Court's discretion.[1]

**IT IS SO ORDERED this 20th day of January 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Motion to Compel included a request for expedited ruling although no specific reason was given for the need to for an expedited ruling.  ECF No. 54.  The Response to the Motion to Compel was filed on January 13, 2022.  ECF No. 61.  On January 19, 2022, Plaintiff, through Counsel, communicated its desire for an expedited ruling on its motion to compel by letter from Counsel, directed to the Court.  In this correspondence Plaintiff's counsel indicated that an expedited ruling was required because of the current discovery deadline of February 21, 2022, and currently scheduled depositions of February 2, 2022.  A review of the Docket in this matter shows Plaintiff filed its original Complaint on August 29, 2018.  ECF No. 1.  The first Rule 26(f) report was filed by the Parties on December 28, 2018.  ECF No. 11.  The first discovery deadline was set by the Court for July 22, 2019.  ECF No. 12.  There doesn't appear to be any reason for discovery in this matter to not be complete after more than three (3) years of litigation, certainly no reason to require the Court to act in an expeditious or emergency manner.  The pending Motion to compel had been ripe for a total of six (6) days at the time the informal request for expedited ruling was sent to the Court.  The Court will rule on pending motions in its discretion.