IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLEMAN CONSULTING LLC                                                                    PLAINTIFF

vs.                                          Civil No. 4:18-cv-04123

DOMTAR CORPORATION and
DOMTAR A.W. LLC                                                                          DEFENDANTS

**ORDER**

Pending now before the Court are Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel (ECF No. 54). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred these Motions to this Court. A hearing was held on these Motions on March 29, 2022.

Plaintiff, Coleman Consulting LLC, ("Coleman"), alleges that on or about November 11, 2016, it entered into a written consulting agreement with Defendant Domtar ("Domtar").[1] Pursuant to the terms of the written agreement, Coleman agreed to provide consulting services for Domtar's Ashdown Mill to address certain issues related to production capabilities. In exchange for these services, Domtar agreed that Coleman would be compensated to include expenses and an hourly rate of $250.00 along with a retainer fee, based on a percentage of net profit savings. Coleman also alleges that after the execution of the written agreement, the parties agreed that

---

[1] Coleman refers to Domtar throughout the Complaint and does not distinguish between the two Defendants in this case of Domtar Corporation and Domtar A.W. LLC. Unless stated otherwise, the Court will refer to both Defendants as "Domtar."

1

Coleman's retainer fee would be thirty percent of any actual savings or increased profit realized by Domtar's Ashdown Mill.  Coleman alleges it provided consulting services to Domtar, but Domtar has refused to pay the retainer fee and such failure to pay the retainer fee constitutes a breach of the agreement.

Domtar's Motion for Protective Order (ECF No. 47) was filed on December 10, 2021, and Coleman's Motion to Compel Discovery and Request for Expedited Ruling (ECF No. 54) was filed on December 30, 2021.  Both of these discovery motions arise from Coleman's November 24, 2021, discovery requests to Domtar Corporation and Domtar A.W.  The requests to Domtar A.W. include Plaintiff's Third Set of Requests for Admission (99 requests) and Plaintiff's Fifth Set of Interrogatories and Requests for Production of Documents (21 requests).  The requests to Domtar Corporation include Plaintiff's Third Set of Requests for Admission (21 requests) and Plaintiff's Fifth Set of Requests for Production (5 requests).

On January 20, 2022, this Court ordered the parties, through counsel, to meet and then provide the Court a joint report identifying any remaining disputed discovery requests along with each parties' contentions as it relates to each remaining disputed request.  ECF No. 69.  On January 28, 2022, the parties filed their Joint Report Regarding Discovery.  ECF No. 72.  The report indicated an agreement with respect to some of the discovery requests.  Following a review of the pleadings and the hearing on these matters, the Court finds Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel (ECF No. 54) should each be **GRANTED in Part** and **DENIED in Part.**  Specifically, the Court finds as follows:

**1.  Plaintiff's Third Set of Requests for Admissions to Defendant Domtar A.W., LLC.**

Pursuant to the Joint Report, the parties agreed to reduce the number of Requests for Admission to Domtar A.W., LLC to 50.  Plaintiff was to provide the 50 requests by January 27,

2022, and Domtar A.W. agreed to provide responses by February 11, 2022. At the hearing on this matter, the parties stated these matters had been resolved. Therefore, Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel (ECF No. 54), with respect to Plaintiff's Third Set of Requests for Admission to Defendant Domtar A.W., LLC., are **DENIED AS MOOT.**

**2. Plaintiff's Third Set of Requests for Production to Defendant Domtar A.W., LLC.**

Pursuant to the Joint Report, the parties were unable to reach an agreement as to Requests for Production Nos. 2, 3, 5, 6, 8, 12–18. As to the disputed requests, the Court finds as follows:

**Request for Production No. 2**

The Court **DENIES** Plaintiff's Request for Production No. 2 and finds the request to be unduly burdensome, disproportionate to the needs of the case, and vague.

**Request for Production No. 3**

The Court **DENIES** Plaintiff's Request for Production No. 3 and finds the request to be unduly burdensome, disproportionate to the needs of the case, and vague.

**Request for Production No. 5**

The Court **GRANTS** Plaintiff's Request for Production No. 5.

**Request for Production No. 6**

The Court **GRANTS** Plaintiff's Request for Production No. 6.

**Request for Production No. 8**

The Court **GRANTS** Plaintiff's Request for Production No. 8.

**Request for Production No. 12**

The Court **DENIES** Plaintiff's Request for Production No. 12 and finds the request to be seeking documents beyond the claims of this lawsuit.

**Request for Production No. 13**

The Court **DENIES** Plaintiff's Request for Production No. 13 and finds the request to be unduly burdensome, disproportionate to the needs of the case, vague, and beyond the claims of this lawsuit.

**Request for Production No. 14**

The Court **GRANTS** Plaintiff's Request for Production No. 14; however, production is limited to documents related to the specific recommendations made by Plaintiff.

**Request for Production No. 15**

The Court **GRANTS** Plaintiff's Request for Production No. 15; however, production is limited to documents related to the specific services provided by Plaintiff to Defendant Domtar AW at issue in the case.

**Request for Production No. 16**

The Court **DENIES** Plaintiff's Request for Production No. 16 and finds the request to be unduly burdensome, disproportionate to the needs of the case, and vague.

**Request for Production No. 17**

The Court **GRANTS** Plaintiff's Request for Production No. 17; however, production is limited to documents related to the specific services provided by Plaintiff to Defendant Domtar AW at issue in the case.

**Request for Production No. 18**

The Court **GRANTS** Plaintiff's Request for Production No. 18; however, production is limited to documents related to the specific services provided by Plaintiff to Defendant Domtar AW at issue in the case.

With regard to the undisputed requests in Plaintiff's Third Set of Requests for Production to Defendant Domtar A.W., LLC, both Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel (ECF No. 54) are **DENIED AS MOOT.**

### 3. Plaintiff's Third Set of Requests for Admission to Defendant Domtar Corporation

Pursuant to the Joint Report, the parties were unable to reach an agreement as to Requests for Admission Nos. 1–4, 9, 11–13, and 16–21. The Court rules as following as to the disputed discovery requests:

### Request for Admission No. 1

The Court **DENIES** Plaintiff's Request for Admission No. 1 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information.

### Request for Admission No. 2

The Court **DENIES** Plaintiff's Request for Admission No. 2 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information.

### Request for Admission No. 3

The Court **DENIES** Plaintiff's Request for Admission No. 3 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information.

### Request for Admission No. 4

The Court **DENIES** Plaintiff's Request for Admission No. 4 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information.

**Request for Admission No. 9**

The Court **DENIES** Plaintiff's Request for Admission No. 9 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request seeks admissions related to other mills that are not at issue in this case

**Request for Admission No. 11**

The Court **DENIES** Plaintiff's Request for Admission No. 11 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is compound and seeks information that is not proportionate to the needs of the case.

**Request for Admission No. 12**

The Court **DENIES** Plaintiff's Request for Admission No. 12 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is compound and seeks information that is not proportionate to the needs of the case.

**Request for Admission No. 13**

The Court **DENIES** Plaintiff's Request for Admission No. 13 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is duplicative of other requests, compound and seeks information that is not proportionate to the needs of the case.

**Request for Admission No. 16**

The Court **DENIES** Plaintiff's Request for Admission No. 16 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is duplicative of other requests, compound and seeks information that is not proportionate to the needs of the case.

**Request for Admission No. 17**

The Court **DENIES** Plaintiff's Request for Admission No. 17 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is duplicative of other requests, compound and seeks information that is not proportionate to the needs of the case.

**Request for Admission No. 18**

The Court **DENIES** Plaintiff's Request for Admission No. 18 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is duplicative of other requests, compound, seeks information that is not proportionate to the needs of this case, and seeks admissions related to other mills that are not at issue in this case.

**Request for Admission No. 19**

The Court **DENIES** Plaintiff's Request for Admission No. 19 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information.

Additionally, this request is duplicative of other requests, compound, seeks information that is not proportionate to the needs of this case, and seeks admissions related to other mills that are not at issue in this case.

**Request for Admission No. 20**

The Court **DENIES** Plaintiff's Request for Admission No. 20 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is duplicative of other requests, compound, seeks information that is not proportionate to the needs of this case, and seeks admissions related to other mills that are not at issue in this case.

**Request for Admission No. 21**

The Court **DENIES** Plaintiff's Request for Admission No. 21 and finds the request to be an impermissible use of a Request for Admission pursuant to Fed. R. Civ. P. 36 because it is being used as a discovery tool in lieu of other more reasonable means of obtaining the same information. Additionally, this request is a compound request seeking admission of multiple matters.

With regard to the undisputed requests in Plaintiff's Third Set of Requests for Admissions to Defendant Domtar A.W., LLC, both Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel (ECF No. 54) are **DENIED AS MOOT.**

**4.  Plaintiff's Fifth Set of Requests for Production to Defendant Domtar Corporation**

Pursuant to the Joint Report, the parties were unable to reach an agreement as to any of Plaintiff's Fifth Set of Requests for Production to Domtar Corporation. The Court rules as following as to the disputed discovery requests:

**Request for Production No. 1**

The Court **DENIES** Plaintiff's Request for Production No. 1 and finds the request to be unduly burdensome, disproportionate to the needs of the case, and vague.

**Request for Production No. 2**

The Court **DENIES** Plaintiff's Request for Production No. 2 and finds the request to be unduly burdensome, disproportionate to the needs of the case, and vague.

**Request for Production No. 3**

The Court **GRANTS** Plaintiff's Request for Production No. 3.

**Request for Production No. 4**

The Court **DENIES** Plaintiff's Request for Production No. 4 and finds the request to be unduly burdensome, disproportionate to the needs of the case, and vague.

**Request for Production No. 5**

The Court **GRANTS** Plaintiff's Request for Production No. 5; however, production is limited to documents related to the specific services provided by Plaintiff to Defendant Domtar AW at issue in the case.

**Any other specific relief requested by either party in ECF No. 47 or 54 is DENIED. Further, all document production related to this Order shall be made on or before April 28, 2022.**

**IT IS SO ORDERED** this **31st day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE