IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLEMAN CONSULTING LLC                                                                    PLAINTIFF

vs.                                          Civil No. 4:18-cv-04123

DOMTAR CORPORATION and
DOMTAR A.W. LLC                                                                           DEFENDANTS

**ORDER**

Pending now before the Court is Defendants' Motion to Quash and for Protective Order. ECF No. 74.  Plaintiff has responded.  ECF No. 81. On March 25, 2022, Defendants filed a Reply Brief.  ECF No. 104.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court.  A hearing was held on this Motion on March 29, 2022. As set out below, Defendants' Motion to Quash and for Protective Order (ECF No. 74) is **GRANTED** in part and **DENIED** in part.

**1.  Background**

Plaintiff, Coleman Consulting LLC, ("Coleman"), alleges that on or about November 11, 2016, it entered into a written consulting agreement with Defendant Domtar ("Domtar").[1] Pursuant to the terms of the written agreement, Coleman agreed to provide consulting services for Domtar's Ashdown Mill to address certain issues related to production capabilities.  In exchange

---

[1] Coleman refers to Domtar throughout the Complaint and does not distinguish between the two Defendants in this case of Domtar Corporation and Domtar A.W. LLC.  Unless stated otherwise, the Court will refer to both Defendants as "Domtar."

1

for these services, Domtar agreed that Coleman would be compensated to include expenses and an hourly rate of $250.00 along with a retainer fee, based on a percentage of net profit savings. Coleman also alleges that after the execution of the written agreement, the parties agreed that Coleman's retainer fee would be thirty percent of any actual savings or increased profit realized by Domtar's Ashdown Mill. Coleman alleges it provided consulting services to Domtar, but Domtar has refused to pay the retainer fee and such failure to pay the retainer fee constitutes a breach of the agreement.

According to Defendants, on February 10, 2022, Plaintiff issued notices of deposition and subpoenas for six current and former employees of Defendant Domtar. ECF No. 74. The six were:

Greg McElroy on February 15, 2022

Jody Benson on February 15, 2022

Danny Jones on February 18, 2022

Randy Landsdell on February 18, 2022

Jamie Cook on February 18, 2022

Korey Kervin on February 18, 2022.

The depositions of Benson, Landsdell, Cook, and Kervin were related to production processes at the Domtar facility, while the depositions of McElroy and Jones were related to Domtar's financial records. Additionally, McElroy and Jones were also subpoenaed to bring a large category of financial documents to the deposition. ECF No. 75, Pgs. 2-3.[2] At the time these depositions were noticed, the discovery cutoff date was February 21, 2022.

---

[2] The referenced financial documents Plaintiff has subpoenaed are the same category of documents that are the subject of the Defendants Motion for Protective Order (ECF No. 47), and Plaintiff's the Motion to Compel. ECF No. 54.

In its Motion, Defendants argue: (1) the subpoenas and notices do not provide these individuals a reasonable time to comply with the requests, and (2) the subpoenas and notices issued to McElroy and Jones should be quashed because the subpoenas are an attempt to perform an "end-run around" the Court's review of the currently pending discovery motions. ECF No. 74.

On February 24, 2022, Plaintiff responded. ECF No. 81. According to Plaintiff, since the filing of Defendants' Motion, the depositions of Benson, Landsdell, Cook, and Kervin had been completed.[3] Plaintiff still seeks the deposition of Jones and McElroy (both accountants at the Ashdown Mill) and to question them regarding documents that Domtar financial and accounting representative, David Bowman, had not reviewed prior to his deposition of February 9, 2022, and who did not provide testimony regarding the Ashdown Mill's financial or accounting records.

## 2. Discussion

The Court would note an initial concern with the late attempts at conducting discovery in this matter. This case has been pending since August 2018 and after requested trial date continuances, was subject to a discovery cutoff of February 21, 2022. ECF No. 46. However, as the parties agree, Plaintiff did not become aware of witnesses McElroy and Jones until they were mentioned as accountants for the Domtar Ashdown Mill during the February 9, 2022, deposition of David Bowman. Given this, the Court will deny Defendants' Motion and will allow Plaintiff to depose McElroy and Jones. However, prior to these depositions taking place, Plaintiff will provide Defendants a specific list of documents he intends to refer to during the depositions. Plaintiff is limited to documents previously produced by the parties or to be produced pursuant to

---

[3] At the hearing on this matter, the parties agreed there is no pending matters related to the depositions of Benson, Landsdell, Cook, and Kervin. As such the Court will DENY the Motion as to these four as MOOT.

Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel (ECF No. 54) which were ruled on at the hearing on March 29, 2022. Plaintiff shall not use these depositions to engage in further document discovery.

### 3. Conclusion

Therefore, this Court, having heard the parties' arguments and review of briefing, finds Defendants Motion to Quash and for Protective Order (ECF No. 74) should be **DENIED IN PART** and **GRANTED IN PART.** Specifically, the Court finds as follows:

As to the depositions of Benson, Landsdell, Cook, and Kervin; the Motion is **DENIED AS MOOT.**

As to the depositions of McElroy and Jones; the Motion is **DENIED,** and Plaintiff will be allowed to depose the witnesses. However, the Motion is **GRANTED** as to the documents Plaintiff sought to be subpoenaed. Plaintiff will however provide Defendants a specific list of documents he intends to question with the witnesses. This list will be limited to documents previously produced by the parties or to be produced pursuant to the Court's Order regarding Defendants' Motion for Protective Order (ECF No. 47) and Plaintiff's Motion to Compel (ECF No. 54).

**The depositions of McElroy and Jones will be conducted on or before May 13, 2022.**

All other relief not granted herein is **DENIED**.

**IT IS SO ORDERED** this **31st day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE