IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLEMAN CONSULTING LLC                                                                         PLAINTIFF

vs.                                         Civil No. 4:18-cv-04123

DOMTAR CORPORATION and
DOMTAR A.W. LLC                                                                              DEFENDANTS

**ORDER**

Pending now before the Court is Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony from Defendant Domtar A.W. LLC. ECF No. 76. Defendant has responded. ECF No. 84. On March 24, 2022, Plaintiff filed a Reply Brief. ECF No. 101. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court. A hearing was held on this Motion on March 29, 2022.

**1. Background**

Plaintiff, Coleman Consulting LLC, ("Coleman"), alleges that on or about November 11, 2016, it entered into a written consulting agreement with Defendant Domtar ("Domtar").[1] Pursuant to the terms of the written agreement, Coleman agreed to provide consulting services for Domtar's Ashdown Mill to address certain issues related to production capabilities. In exchange for these services, Domtar agreed that Coleman would be compensated to include expenses and an

---

[1] Coleman refers to Domtar throughout the Complaint and does not distinguish between the two Defendants in this case of Domtar Corporation and Domtar A.W. LLC. Unless stated otherwise, the Court will refer to both Defendants as "Domtar."

hourly rate of $250.00 along with a retainer fee, based on a percentage of net profit savings. Coleman also alleges that after the execution of the written agreement, the parties agreed that Coleman's retainer fee would be thirty percent of any actual savings or increased profit realized by Domtar's Ashdown Mill. Coleman alleges it provided consulting services to Domtar, but Domtar has refused to pay the retainer fee and such failure to pay the retainer fee constitutes a breach of the agreement.

On October 26, 2021, Plaintiff served Domtar A.W. with a 30(b)(6) deposition notice regarding its financial and accounting records of Defendants. The deposition Notice set forth the specific financial and accounting documents that Domtar A.W.'s representative would need to testify regarding. ECF No. 76-1. Mr. David Bowman, an accountant at the Domtar Ashdown Mill, was designated as the financial/accounting representative for Domtar A.W.

On January 29, 2022, the deposition of Mr. Bowman was taken. According to Plaintiff, when Plaintiff's counsel questioned Mr. Bowman whether he had reviewed any of the financial records specifically named in the 30(b)(6) Notice, Mr. Bowman testified that he had not and could not give any specific testimony regarding Domtar A.W.'s financials. ECF No. 78, Pg. 4.

Defendant responded and argued Plaintiff's Motion was untimely and pursuant to the Court's Scheduling Order, Plaintiff has waived the issue by waiting until the day of the discovery deadline to file this Motion. ECF No. 84. Further, Defendant argued the Motion seeks documents involving the same information that is the subject of multiple pending discovery motions. *Id*

With this Motion, Plaintiff seeks to have this deposition reconvened in order for Mr. Bowman to testify about the financial and accounting records set forth in the Notice and the corporate relationship between Domtar A.W. and Domtar Corporation.

## 2. Discussion

From a review of the deposition testimony of Mr. Bowman, it appears Mr. Bowman did not refuse to testify about financial and accounting records of Defendants.[2] At his initial deposition, Mr. Bowman testified Defendants do not track financial and accounting information as it relates to any individual piece of equipment. Instead, the financial and accounting records maintained by the Defendants relate to the entire facility operation. Plaintiff acknowledges his claims in this case are solely related to one piece of equipment at the Ashdown mill about which he made recommendations for improved efficiency. It is apparent from Mr. Bowman's prior testimony the requested documents do not exist.

As a result, there is no need to subject Mr. Bowman to appear for additional testimony, nor are Defendants required to present any additional witnesses in response to Plaintiff's 30(b)(6) Notice that is the subject of the Motion.

## 3. Conclusion

Therefore, this Court, having heard the parties' arguments and reviewed the briefing, finds Plaintiff's Motion to Compel 30(b)(6) Deposition Testimony from Defendant Domtar A.W. LLC. (ECF No. 76) should be **DENIED.**

**IT IS SO ORDERED this 31st day of March 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] At the March 29, 2022, hearing Defendants submitted the entire deposition transcript of David Bowman. *See* ECF No. 105, p. 2.