IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLEMAN CONSULTING LLC                                                                              PLAINTIFF

vs.                                         Civil No. 4:18-cv-04123

DOMTAR CORPORATION and
DOMTAR A.W. LLC                                                                                    DEFENDANTS

**ORDER**

Pending now before the Court is Plaintiff's Motion to Compel Discovery and 30(b)(6) Deposition Testimony from Defendant Domtar A.W. LLC.  ECF No. 79.  Defendant has responded.  ECF No. 85.  Plaintiff filed a Reply Brief.  ECF No. 101.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court.  A hearing was held on this Motion on March 29, 2022.

**1.  Background**

Plaintiff, Coleman Consulting LLC, ("Coleman"), alleges that on or about November 11, 2016, it entered into a written consulting agreement with Defendant Domtar ("Domtar").[1] Pursuant to the terms of the written agreement, Coleman agreed to provide consulting services for Domtar's Ashdown Mill to address certain issues related to production capabilities.  In exchange for these services, Domtar agreed that Coleman would be compensated to include expenses and an

---

[1] Coleman refers to Domtar throughout the Complaint and does not distinguish between the two Defendants in this case of Domtar Corporation and Domtar A.W. LLC.  Unless stated otherwise, the Court will refer to both Defendants as "Domtar."

1

hourly rate of $250.00 along with a retainer fee, based on a percentage of net profit savings. Coleman also alleges that after the execution of the written agreement, the parties agreed that Coleman's retainer fee would be thirty percent of any actual savings or increased profit realized by Domtar's Ashdown Mill. Coleman alleges it provided consulting services to Domtar, but Domtar has refused to pay the retainer fee and such failure to pay the retainer fee constitutes a breach of the agreement.

With this Motion, Plaintiff seeks from Defendant the production of, and 30(b)(6) testimony regarding (1) the percent of black liquor solids that come off the chemi-washer,[2]; (2) the pounds-per-ton of soda loss that come off the chemi-washer; (3) water usage on the chemi-washer relative to pulp production; and (4) the amount of defoamer usage on the chemi-washer. ECF No. 79. Plaintiff argues these documents were requested from Domtar A.W. pursuant to Requests for Production served as early as 2020, but it was not until February of 2022 that employees of Domtar A.W. confirmed the existence of these documents in detail. *Id.* Plaintiff is also seeking the deposition testimony of Tracy Altenbaumer,[3] or another appropriate 30(b)(6) representative of Domtar A.W., regarding those documents. *Id.*

In response, Defendant states Plaintiff is asking the Court to compel production of operational documents that Plaintiff has not previously requested, and Plaintiff failed to diligently conduct discovery and make attempts to work in good faith to resolve the discovery dispute. ECF

---

[2] The "chemi-washer" is the piece of equipment located at the Domtar A.W. Ashdown mill, about which Plaintiff provided consulting advice to Defendant.

[3] Tracy Altenbaumer is the Domtar Ashdown mill's production manager and was previously deposed on February 2, 2022.

No. 85. Defendant also alleges the Motion is untimely under the Court's Scheduling Order because Plaintiff waited almost a year to attempt to raise these alleged discovery issues on the discovery deadline.

**2. Discussion**

The requested Rule 30(b)(6) deposition testimony, as limited by the Motion to Compel, seeks discoverable and relevant information. The Court is concerned about Plaintiff's delay is addressing this discovery issue and the fact that the pending Motion regarding a discovery dispute was filed the day after the discovery cutoff deadline. However, it appears the requested Rule 30(b)(6) deposition was requested within the Court's discovery deadline, albeit very close to the deadline. The Court will **GRANT** the Motion in part.

**3. Conclusion**

Therefore, this Court, having heard the parties' arguments and reviewed the briefing, finds Plaintiff's Motion to Compel Discovery and 30(b)(6) Deposition Testimony from Defendant Domtar A.W. LLC. (ECF No. 79) should be **GRANTED in part and DENIED in part.**

Specifically, the Motion is **GRANTED in part** and Defendant shall produce records.[4] pertaining to the following: (1) the percent of black liquor solids that come off the chemi-washer; (2) the pounds-per-ton of soda loss that come off the chemi-washer; (3) water usage on the chemi-washer relative to pulp production; and (4) the amount of defoamer usage on the chemi-washer. Further, the request for 30(b)(6) testimony from Tracy Altenbaumer, or such other corporate

---

[4] Defendants are ordered to produce these records to the extent they exist. This Order shall not be construed as directing Defendants to create any sort of documentary record of the information sought.

representative as Defendant designates, is **GRANTED** with respect to any documents produced pursuant to this order. This deposition shall be conducted on or before May 13, 2022.

  **All other relief not granted herein is DENIED.**

  **IT IS SO ORDERED** this **31st day of March 2022.**

        /s/ *Barry A. Bryant*
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE