IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COLEMAN CONSULTING LLC                                                                    PLAINTIFF

v.                                              Case No. 4:18-cv-4123

DOMTAR CORPORATION and
DOMTAR A.W. LLC                                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order of Summary Judgment. ECF No. 139. Defendants have filed a response. ECF No. 144. The Court finds this matter ripe for consideration.

Plaintiff, citing to Federal Rules of Civil Procedure 59(e) and 60(b), moves the Court to reconsider the Memorandum Opinion and Order granting summary judgment in Defendant's favor. ECF Nos. 135, 136. Plaintiff argues three points in its motion: (1) summary judgment should be denied in regard to Plaintiff's breach of contract claim because the agreement at issue was capable of performance within one year; (2) summary judgment should be denied in regard to Plaintiff's breach of contract claim because the partial performance exception to the statute of frauds only requires partial performance by one party; and (3) summary judgment should be denied in regard to Plaintiff's unjust enrichment claim because new evidence necessitates alteration, amendment, and/or vacation of the Court's summary judgment order. ECF No. 141.

Generally, courts in the Eighth Circuit assume that motions directed at a final judgment fall under Rule 59(e). *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999); *see also Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008) (explaining that motions calling into question the correctness of the court's judgment are generally treated as Rule 59(e) motions). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to

present newly discovered evidence.'" *Metro. St. Louis Sewer Dist. v. Mallinckrodt, Inc.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*.

Rule 60(b) permits relief from final judgments under several sets of circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, discharged, or vacated judgment; (6) or any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017). The Eighth Circuit has consistently maintained that Rule 60(b) "was not intended as a substitute for a direct appeal from an erroneous judgment." Here, Plaintiff does not specify which provision of Rule 60(b) applies to support its argument. However, the Court assumes that Plaintiff moves for relief under Rule 60(b)(1)-(2).

For both a Rule 59(e) motion and a Rule 60(b)(2) motion based on the discovery of new evidence, the movant must show "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before the entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result. *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006).

The Court turns now to Plaintiff's three arguments in support of its motion to reconsider.

The Court, in its summary judgment ruling, determined that the statute of frauds applied to the agreement at issue because it could not be performed within one year. Plaintiff argues that the Court should reconsider this decision, relying on the same argument Plaintiff presented to the Court in its summary judgment briefing (ECF No. 119, at 6-9). The Court considered Plaintiff's argument and rejected it. ECF No. 135, at 4-8. Plaintiff simply disagrees with the Court's decision. Upon review, the Court is not convinced that Plaintiff points to a manifest error of law or fact that would justify amending or altering this prior ruling.

Plaintiff also argues that the Court mistakenly determined that the partial performance doctrine did not apply to remove the agreement at issue from the statute of frauds. Plaintiff presented this argument, consisting of three sentences, to the Court in Plaintiff's summary judgment briefing. ECF No. 119, at 9-10. Plaintiff tersely argued that it had "fully performed under the Agreement, and [Defendant] partially performed by paying Coleman his travel expenses." ECF No. 119, at 10. The Court rejected Plaintiff's argument, noting that Plaintiff offered no meaningful analysis to support this argument. In the instant motion, Plaintiff offers more analysis and explanation than was previously offered. However, this extra analysis could have been presented to the Court earlier. Now is not the time to bolster arguments previously made. Again, upon review, the Court is not convinced that Plaintiff points to a manifest error of law or fact that would justify amending or altering this prior ruling.

Lastly, Plaintiff argues that newly discovered evidence necessitates that the Court reconsider its ruling regarding Plaintiff's unjust enrichment claim. The Court ruled that Plaintiff did not produce any evidence that would permit an approximation of the amount of the alleged benefit or wrongful gain conferred upon Defendants. Because there was no evidence of the amount of the alleged wrongful gain, the Court determined that Plaintiff's unjust enrichment claim must

fail.

Plaintiff states that Defendants produced 600 pages of evidence regarding Defendants' wrongful gain three weeks after Plaintiff had responded to the summary judgment motion. According to Plaintiff, this newly discovered evidence was the subject of a motion to compel filed by Plaintiff. ECF No. 79. The motion to compel was pending in front of the magistrate judge at the time the summary judgment motion was filed. The magistrate judge ordered the production of the documents on March 31, 2022, which was nine days after the motion for summary judgment was filed and seven days before Plaintiff filed its amended summary judgment response. ECF No. 110.

The discovery deadline in this case was extended to February 21, 2022. On February 22, 2022, Plaintiff filed a motion to compel testimony of a corporate representative and to produce certain financial and operational documents. ECF No. 79. This case was filed in August 2018, and the summary judgment order was issued on June 6, 2022. The parties had over three years to conduct discovery. Further, Plaintiff had at least one month to review the newly discovered evidence before the Court issued its summary judgment opinion. Yet, Plaintiff never asked to supplement its summary judgment response. It appears that Plaintiff waited until the eleventh hour to conduct certain discovery. Then, Plaintiff waited until after the discovery deadline to ask the Court to resolve its discovery dispute regarding the newly discovered evidence. Thus, the Court cannot find that Plaintiff exercised diligence to obtain the evidence before the entry of the summary judgment order. Further, the newly discovered evidence was discovered before the Court issued its summary judgment order. Accordingly, the Court declines to reconsider its ruling on Plaintiff's unjust enrichment claim.

For these reasons, the Court finds that Plaintiff's Motion for Reconsideration of the Court's Order of Summary Judgment (ECF No. 139) should be and hereby is **DENIED**. Further, Plaintiff's Motion Requesting Hearing (ECF No. 150) is also **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
